UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHANARD ZELRON BANKS**            **CIVIL ACTION**

**VERSUS**            **NO. 23-382-BAJ-RLB**

**PAT BOOK, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 8, 2023.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHANARD ZELRON BANKS**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 23-382-BAJ-RLB**

**PAT BOOK, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing.

On May 17, 2023, petitioner, an inmate confined at Catahoula Correctional Center, Harrisonburg, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, seeking to be returned to the custody of the United States Marshals Service/Bureau of Prisons.

**Procedural History**

On November 17, 2020, the petitioner was sentenced in the matter of *United States of America v. Shanard Zerlon Banks*, 18-cr-83-BAJ-EWD (M.D. La.) to serve a total of 181 months. It was further ordered that "the defendant's sentence shall run consecutively to any sentence imposed in docket number 03-09-0109 of the 19th Judicial District Court, Baton Rouge, Louisiana." (*See* R. Doc. 808 therein). However, on March 18, 2009, the state matter (03-09-0109) was passed without date and no action had been taken in that matter since that time.

On December 10, 2020, the petitioner was transferred to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for an initial appearance for the charges of Second Degree Homicide and Criminal Conspiracy to Commit Second Degree Homicide in

docket number DC-21-02289. On March 16, 2023, the petitioner pled guilty to Criminal Conspiracy Second Degree Murder and was sentenced to a term of 20 years at hard labor, with five years suspended. The state court additionally ordered that the petitioner's sentence was to run concurrent to his sentence in 18-cr-83-BAJ-EWD. *See* R. Doc. 1-2. The petitioner remains in state custody.

## Applicable Law and Analysis

Petitioner asserts that he should be transferred to custody of the United States Marshals Service/Bureau of Prisons to serve his sentence in 18-cr-83-BAJ-EWD concurrently with his state sentence in DC-21-02289 as ordered by the state court. Petitioner asserts that because he was in federal custody since June 20, 2018 for another matter (18-cr-8), and the state warrant was not issued until November 6, 2019, and was not executed until after the petitioner had been sentenced in this Court, he should have been returned to federal custody upon his sentencing in state court on March 16, 2023.

## Failure to Exhaust

At this moment, Petitioner is not in federal custody; however, there is a future probability that he will return to federal custody. Regardless, the petitioner's petition is not yet ripe, and this Court lacks the jurisdiction to hear his petition.

Only the Attorney General, through the Bureau of Prisons (BOP), may compute a prisoner's credits. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); 18 U.S.C. § 3585(b). The BOP

has not had the opportunity to calculate if Petitioner will be credited with the time he is spending in state custody; likewise, it is not known, if and when Petitioner will return to federal custody.

The Fifth Circuit has held that before the Attorney General has made a determination of a prisoner's credits, there is no case or controversy ripe for review when the prisoner challenges his credits. *See Pierce v. Holder*, 614 F.3d 158 (5th Cir. 2010). In *Pierce*, a prisoner filed his habeas petition before the BOP had made a determination of whether to make a *nunc pro tunc* designation that would give the prisoner credit for his time served in state prison. The BOP retained discretion to do so because the prisoner's original federal sentence did not preclude that sentence from running concurrently to a later-imposed state sentence. The Fifth Circuit further found that the district court did not have the jurisdiction to rule on the merits of the prisoner's unripe habeas petition. *Pierce*, 614 F.3d at 160. The Court explained that until the BOP makes a final decision on the prisoner's *nunc pro tunc* request for time served while in state custody, the district court was without jurisdiction. *Id.* Based on the reasoning of the Fifth Circuit, this Court is without jurisdiction to rule on Petitioner's unripe habeas petition.

The BOP administrative remedies procedure applies to the petitioner's claim asserted in this petition. *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010); 28 U.S.C. § 542.10. Petitioner is required to exhaust the BOP procedures, and he has not pointed to any extraordinary circumstances that would amount to an exception to that requirement. *See, Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994); *Overshown v. Upton*, 466 F. App'x 361 (5th Cir. 2012).

The Court recognizes that petitioner may not be able to proceed through the BOP administrative review process until he is physically within a BOP facility; however, this does not provide extraordinary circumstances waiving exhaustion. *May v. United States*, No. 13-CV-39, 2013 WL 961892, at *2 (S.D. Miss. Mar. 12, 2013). The petitioner's dilemma is not

extraordinary or uncommon. Instead, his perceived conflict of location "stems not from an inherent flaw on the face of the court's sentencing papers, ... but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty." *Setser*, 607 F.3d at 132 (quoting *United States v. Cibrian*, 374 F. App'x 524, 528-29 (5th Cir. 2010)). The United States Fifth Circuit has noted that " '[t]he irreconcilability of [a defendant's] federal and state sentences is a well-documented practicality of our system of contemporaneous jurisdiction.' " *Id.*, at 132 (quoting *Cibrian*, 374 F. App'x at 530). The Fifth Circuit also has recognized that "in some instances ... it is 'the federal sentence [that may be] partially foiled, [and] in other cases, it is the state sentence that suffers the intrusion.' " *Id.* (quoting *Cibrian*, F. App'x at 530).

The record before this Court fails to demonstrate any attempt by the petitioner to properly pursue a *nunc pro tunc* request to the Attorney General through the BOP as required by law. The fact that he may not be able to do so while in state custody is of no moment and creates no exception to the exhaustion requirement. An imperfect administrative process does not give cause for this Court to assume jurisdiction over matters statutorily required to be brought to the BOP. Until the BOP makes a final decision on the prisoner's *nunc pro tunc* request for time served while in state custody, this Court is without jurisdiction.

## No Right to Habeas Relief Sought

Even if the Court could overlook the petitioner's failure to exhaust, he is not entitled to the relief he requests. Petitioner does not have a constitutional right to incarceration in any particular prison system. *See Simpson v. Cockrell*, No. 01-10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001) (citations omitted). Instead, the facility at which an inmate serves concurrent sentences is "a matter for the two sovereigns involved to decide." *Id.*; *accord, Setser*, 607 F.3d at

132. Similarly, "[n]o binding legal authority requires the federal BOP ... to comply with a state court's sentencing order that [an inmate's] federal sentence run concurrently with his state sentences." *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (citing *Leal v. Tombone*, 341 F.3d 427, 429-30 (5th Cir. 2003) (affirming dismissal of habeas petition where petitioner sought order directing BOP to recognize state-court order for concurrent sentence)). There simply is "no authority requir[ing] federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence." *Castro Flores*, 120 F. App'x at 539.

Petitioner has no legal grounds for this Court to require the U.S. Marshal to take custody to return him to the BOP to serve his 181-month federal sentence concurrently with his state sentence. Therefore, the petitioner has no right to an order directing his immediate transfer to or placement in a federal prison. Instead, the petitioner must serve his state sentence, and if and when he is returned to federal custody, seek credit for time served in state prison.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice.

Signed in Baton Rouge, Louisiana, on August 8, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**